IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

------------------------------------------------------------

KEVIN MCGOVERN
1324 Prospect Avenue
Scranton, PA 18505

                      Plaintiff,         :     Civil Action No.: _____

                      v.              :     **JURY TRIAL DEMANDED**

MCCARTHY FLOWERED CABS, INC.
1708 Delaware Street
Dunmore, PA 18509

                     Defendant.    :

------------------------------------------------------------

## COMPLAINT – CIVIL ACTION

Plaintiff Kevin McGovern ("Plaintiff") hereby brings this action against Defendant McCarthy Flowered Cabs, Inc. ("Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1.     Plaintiff brings this complaint contending that Defendant has unlawfully failed to pay him compensation and overtime compensation pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, *et seq.*, by failing to pay him at a rate not less than the minimum wage for all hours worked.

## PARTIES

2.     Plaintiff Kevin McGovern is a citizen of the United States, and currently maintains a residence at 1324 Prospect Avenue, Scranton, PA 18505.

3.     Upon information and belief, McCarthy Flowered Cabs, Inc. is a business corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a headquarters and principal place of business at 1708 Delaware Street, Dunmore, PA 18509.

4.    Defendant is a "private employer" and covered by the FLSA.

5.    Plaintiff was employed by Defendant during all relevant times hereto and, as such, is an employee entitled to the FLSA's protections. See 29 U.S.C. § 203(e).

6.    At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant thereto in the course and scope of their employment with and for Defendant.

## JURISDICTION AND VENUE

7.    This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

8.    This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

9.    This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as his FLSA claims.

10.    The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the Defendant resides in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

## FACTUAL ALLEGATIONS

11.    Paragraphs 1 through 10 are hereby incorporated by reference as though the same were fully set forth at length herein.

12.    Plaintiff first began his employment with Defendant on or about December 19, 2018, when he was hired as a Driver.

13.    Throughout his employment, Plaintiff performed his job well, receiving positive feedback and no discipline.

14.    In his capacity as Driver, Plaintiff was responsible for transporting customers to specified locations.

15.    Plaintiff was employed by Defendant as a Driver from approximately December 19, 2018 until on or about June 14, 2019.

16.    Plaintiff typically worked five (5) days per week and worked approximately sixty (60) to seventy (70) hours per workweek.

17.    By way of example, during the week of January 7, 2019, Plaintiff worked seventy hours.

18.    During the course of his employment, Defendant did not pay Plaintiff an hourly wage (or, indeed, any other regular wage) for his hours worked.

19.    Instead, Plaintiff was compensated solely on the basis of commissions earned from completed trips.

20.    Additionally, the number of days worked per workweek dictated the percentage of commissions Plaintiff would earn.

21.    By way of example, if Plaintiff worked five (5) days, he would earn thirty-six percent (36%) commission on completed trips.  If Plaintiff worked four (4) days in a workweek, he would earn thirty-three percent (33%) commission on completed trips. If Plaintiff worked three (3) or less days per work week, he would receive thirty percent (30%) commission on completed trips.

22.    Upon information and belief, Plaintiff earned approximately three hundred dollars ($300.00) bi-weekly.

23. Due to Defendant's commission structure and amount of hours worked by Plaintiff each workweek, Plaintiff was compensated approximately two dollars and fifteen cents per hour ($2.15).

24. As such, Defendant failed to pay Plaintiff the required hourly cash wage for Taxi Cab Drivers of $7.25 under the FLSA/PMWA.

25. In this regard, Plaintiff is owed the full minimum wage (i.e. $7.25 per hour) for all hours he worked for Defendant.

26. Upon information and belief, Defendant failed to post, or otherwise notify its employees of a summary of the Fair Labor Standards Act and its regulations in a conspicuous place in its place of business that Plaintiff regularly reported to in violation of the FLSA and its implementing regulations. See 29 C.F.R. § 516.4.

27. The above-referenced behavior evidences the willfulness of Defendant's violations of the FLSA and PMWA.

28. In violation of the FLSA and PMWA, Defendant unlawfully failed to track, record, and report all the hours worked by Plaintiff.

29. As a result of Defendant's aforesaid illegal actions, Plaintiff has suffered damages.

## COUNT I
## FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201, *et seq.*
## FAILURE TO PAY MINIMUM WAGES

30. Paragraphs 1 through 29 are hereby incorporated by reference as though the same were fully set forth at length herein.

31. Pursuant to Section 206(b) of the FLSA, all employees must be compensated at a rate not less than the minimum wage for every hour worked in a workweek.

32.     Due to Defendant's failure to pay Plaintiff the minimum cash wage required under the FLSA; Defendant was required to pay Plaintiff no less than the minimum wage for all hours worked.

33.     Defendant failed to pay Plaintiff at a rate not less than the minimum wage for all hours worked.

34.     The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

35.     Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

36.     Defendant is liable to Plaintiff for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorney's fees, costs, and expenses.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully request that this court enter judgment in his favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A.     Adjudicating and declaring that Defendant violated the FLSA by failing to pay compensation to Plaintiff for compensable hours worked;

B.     Awarding Plaintiff back wages (including, but not limited to minimum wages) in an amount consistent with the FLSA;

C.     Awarding Plaintiff liquidated damages in accordance with the FLSA;

D.     Awarding Plaintiff reasonable attorney's fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

E.     Awarding pre- and post-judgment interest and court costs as further allowed by law;

F.     Such other and further relief as is just and equitable under the circumstances.

### COUNT II
### PENNSYLVANIA MINIMUM WAGE ACT OF 1968
### 43 P.S. § 333, *et seq.*
### FAILURE TO PAY MINIMUM WAGE

37.     Paragraphs 1 through 36 are hereby incorporated by reference as though the same were fully set forth at length herein.

38.     The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. See 43 P.S. § 333.113.

39.     By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay compensation for all hours worked by Plaintiff.

40.     As a result of Defendant's unlawful acts, Plaintiff has been deprived of compensation in an amount to be determined at trial, and is entitled to recovery of such amount, together with interest, costs and attorney's fees pursuant to the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A.     An award to Plaintiff for the amount of unpaid compensation to which he is entitled, including interest thereon, and penalties subject to proof;

B.     An award to Plaintiff of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

6

C.     An award to Plaintiff for any other damages available to him under applicable

Pennsylvania law, and all such other relief as this Court may deem proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.


Respectfully submitted:

**MURPHY LAW GROUP, LLC**

By: _____

Michael Murphy, Esq.
Edmund C. Celiesius, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
ec@phillyemploymentlawyer.com
*Attorneys for Plaintiff*

Dated: 2|20|2020

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve al physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.